UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SUSAN S. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   CIVIL NO.  1:16cv371 |
| | ) |
| ANDREW SAUL, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the Court on a "Motion for Award of Attorney Fees Under 42 U.S.C. §406(b)", filed by Plaintiff on February 23, 2021.  The Commissioner responded to the motion on March 24, 2021.  Plaintiff has declined to file a reply.

For the following reasons, the motion will be granted in part and denied in part.

Discussion

Plaintiff filed an application for disability insurance benefits in 2010, alleging disability since 2003, later amended to August 2007. After an ALJ issued a partially favorable decision finding her disabled as of May 2012 but not before, and the Appeals Council denied review, she brought a civil action in the Northern District of Indiana in 2013, No. 1:13-cv-304.  In 2015, this Court remanded for further administrative proceedings. As a result of this remand, in November 2015 Plaintiff's attorney received attorney fees under the Equal Access to Justice Act in the amount of $6,800.00.

After an ALJ denied Plaintiff's claim again in June 2016, Plaintiff filed a second civil action in October 2016. This Court affirmed the ALJ's decision in September 2017,  and Plaintiff

appealed the decision to the Seventh Circuit in November 2017.  The Seventh Circuit reversed and remanded the case in August 2018.  Case No. 17-3399 (7th Cir. Aug. 3, 2018). Following the Seventh Circuit's remand, Plaintiff's counsel received additional EAJA fees in the amount of $10,350.00 in January 2019.

On remand to the Agency, an ALJ issued a decision in October 2020 finding Plaintiff disabled since her alleged onset of disability in 2007.  The Commissioner's processing center sent Plaintiff a letter concerning her past-due benefits in November 2020. Plaintiff was entitled to past-due benefits in the amount of $107,791.60, of which the Commissioner withheld $26.947.90, or 25% of the total past-due benefits, to pay Plaintiff's counsel under the contingent fee agreement signed by Plaintiff and approved by the Commissioner. *Id*.

Counsel now seeks a net award of $10,597.90 from Plaintiff's past-due benefits for his work on behalf of Plaintiff, subtracting his 2019 EAJA fees and an additional fee of $6,000 he received for work at the administrative level under 42 U.S.C. § 406(a)[1].

Awards under § 406(b) are paid out of a beneficiary's past-due benefits, not agency funds. As the Supreme Court explained in *Gisbrecht v. Barnhart*, 636 U.S. 789 & 796 n.6 (2002), the Commissioner plays a trustee-like role in proceedings under § 406(b). While the Commissioner does not believe that the requested fee amounting to 25% of Plaintiff's past-due benefits is unreasonable, he argues that the EAJA's Savings Clause requires counsel to refund to Plaintiff the EAJA fees obtained in the previous civil action (No. 1:13-cv-00304) as well as those from this civil action. As Congress has directed the Commissioner to "scrutinize . . . awards [sought under

---

[1] $26,847.90 (25% of past due benefits) - 10,350.00 (EAJA fees awarded in this case) - $6000 (fees awarded under section 406(a)) = $10,597.90 (requested award).

§ 406(b)] to ensure that the attorney is reducing the liability of the claimant so that the claimant is

the primary beneficiary of the EAJA award," the Commissioner contends that this Court should

either require counsel to refund a total of $17,150.00 in EAJA fees (awarded in 1:13cv304 and in

1:16cv371) to Plaintiff or deny the motion without prejudice to re-filing a petition that complies

with the Savings Clause's requirements.

42 U.S.C. § 406(b)(1)(A) provides in relevant part that:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment
> a reasonable fee for such representation, not in excess of 25 percent
> of the total of the past-due benefits to which the claimant is entitled
> by reason of such judgment . . . . In case of any such judgment, no
> other fee may be payable or certified for payment for such
> representation except as provided in this paragraph.

In 1985, Congress re-authorized the EAJA, adding a provision that provides for the

coordination of fees under the EAJA with fees awarded under § 406(b). This provision,

commonly referred to as the Savings Clause, provides in relevant part that:

> Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent
> an award of fees and other expenses under section 2412(d) of title 28, United
> States Code. Section 206(b)(2) of the Social Security Act [which makes it a crime
> to collect a fee for representation other than a fee approved under § 406(b)(1)
> when that provision applies] shall not apply with respect to any such award but
> only if, where the claimant's attorney receives fees for the same work under both
> section 206(b) of that Act and section 2412(d) of title 28, United States Code, the
> claimant's attorney refunds to the claimant the amount of the smaller fee.

The current 406(b) petition seeks fees only for counsel's work on the current case (No.

1:16-cv-371), while ignoring his work for Plaintiff in Case 1:13-cv-304.  The Commissioner

argues, however, that there is nothing in the text of the statute that suggests an attorney may seek

compensation under § 406(b) for only a portion of his representation of a claimant before the court so as to minimize his obligation to refund fees under the EAJA. Rather, an award under 42 U.S.C. § 406(b) is for all the work associated with an ultimately successful application for benefits—in this case, Plaintiff's ultimately successful 2010 application. Thus, the Commissioner concludes that counsel's implied request to be allowed to retain the EAJA fee for Plaintiff's first case while also receiving an award of fees under § 406(b) is not consistent with the language and intent of the statute. *See Parrish v. Commissioner of Social Security*, 698 F.3d 1215, 1218 (9th Cir. 2012); *Kopulos v. Barnhart*, 318 F. Supp.2d 657, 667-68 (N.D. Ill. 2004)(refund of all EAJA fees was required by the Savings Clause).

This Court notes that Plaintiff's counsel has not filed a reply addressing the Commissioner's concerns and arguments.  Thus, this Court finds that Plaintiff's counsel has waived any objection to the Commissioner's calculation of the fee award.

In any event, the Commissioner's arguments are well-taken and supported by both the text of the statute (and the legislative history) and the pertinent case law.   Therefore, this Court will reduce the fee request by an additional $6,800, representing the EAJA fees that Plaintiff's counsel has already been awarded in Plaintiff's 1:13cv304 case, for a net award of $3,697.90.

Conclusion

On the basis of the foregoing, Plaintiff's request for attorney fees (DE 43) is hereby

GRANTED IN PART AND DENIED IN PART.  Plaintiff's counsel is awarded fees pursuant

to 42 U.S.C. § 406(b), in the amount of $3,697.90.


 Entered: April 30, 2021.


s/ William C.  Lee<br>
William C. Lee, Judge<br>
United States District Court